```
         UNITED STATES DISTRICT COURT
            DISTRICT OF MINNESOTA
           Civil No. 12-975(DSD/SER)
```

Elias A. Murdock,

       Plaintiff,

v.                                                   **ORDER**

L.A. Fitness International,
LLC, (a.d.b.a. Pro Results)
(formerly dba Body of Change),
Bally Total Fitness, All
Individual Defendants herein,

       Defendants.

    Elias A. Murdock, 700 West Maryland Avenue, St. Paul, MN 55117, pro se.

    Melissa Raphan, Esq., Jennifer L. Cornell, Esq. and Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion by defendant for the partial dismissal of plaintiff's pro se amended complaint. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

### BACKGROUND

This employment dispute arises out of the termination of plaintiff Elias A. Murdock by defendant LA Fitness International, LLC (LA Fitness). Murdock, an American Indian male over the age of forty, began working as a fitness instructor for LA Fitness in January 2008. Am. Compl. ¶¶ 8, 20. Murdock later accepted a

position as an Aerobic Coordinator.  <u>Id.</u> ¶ 24.  LA Fitness terminated Murdock on February 7, 2010.  <u>Id.</u> ¶ 150.

On July 6, 2012, Murdock filed a nine-count amended complaint, alleging various state and federal claims.  LA Fitness moves to dismiss the age discrimination (Count III), whistleblower (Count V), fraud (Count VI), invasion of privacy (Count VII), intentional infliction of emotional distress (Count VIII) and tortious interference (Count IX) claims.[1]

**DISCUSSION**

**I.  Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above

---

[1] L.A. Fitness does not move to dismiss Murdock's claims for racial discrimination (Count I), gender discrimination (Count II) or retaliation (Count IV).

2

the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

## II. Age Discrimination

Murdock first argues that he was terminated in violation of the Age Discrimination in Employment Act of 1967 (ADEA) and the Minnesota Human Rights Act (MHRA).[2] Murdock raises his claims based on his termination and LA Fitness's failure to promote older trainers.

### A. Termination

"When, as here, a plaintiff relies on circumstantial rather than direct evidence of age discrimination, the case is considered under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 [(1973)]." Rahlf v. Mo-Tech Corp., 642 F.3d 633, 637 (8th Cir. 2011) (citations omitted). To establish a prima facie case of age discrimination, "a plaintiff must show (1) he is over 40 years old, (2) he met the applicable job qualifications, (3) he suffered an adverse employment action, and (4) there is some additional evidence that age was a factor in the employer's termination decision." Id. (citation omitted).

---

[2] Age discrimination claims under the MHRA and ADEA are considered under the same analysis. Chambers v. Metro. Prop. & Cas. Ins. Co., 351 F.3d 848, 855 (8th Cir. 2003).

Murdock cannot establish a prima facie case of age discrimination. While Murdock is over the age of forty and suffered an adverse employment action, he has not pleaded any facts demonstrating that age was a causal factor in his termination. Murdock may show age was a factor in his termination "by presenting either statistical evidence (such as a pattern of forced early retirement or failure to promote older employees) or circumstantial evidence (such as comments and practices that suggest a preference for younger employees)." Chambers v. Metro. Prop. & Cas. Ins. Co., 351 F.3d 848, 856 (8th Cir. 2003) (citations and internal quotation marks omitted). Murdock has pleaded no statistical or circumstantial evidence to causally link his age and termination. As such, Murdock fails to plead a prima facie case of age discrimination based on termination.

**B.  Failure to Promote**

Murdock also argues that LA Fitness promoted younger workers at his expense. To establish a prima facie case of age discrimination based on failure to promote, a plaintiff must show that (1) he was a member of a protected group, (2) he was qualified and applied for the promotion, (3) his application was rejected, and (4) other employees with similar qualifications who were not members of a protected class were promoted. See Lyoch v. Anheuser-Busch Cos., 139 F.3d 612, 614 (8th Cir. 1998) (citation omitted). Murdock does not allege that he applied for a promotion at LA

4

Fitness. Therefore, LA Fitness did not fail to promote in violation of the ADEA and MHRA, and dismissal of Murdock's age discrimination claim for failure to promote is warranted.[3]

### III. Minnesota Whistleblower Act

Murdock next argues that he was terminated in violation of the Minnesota Whistleblower Act (MWA). Specifically, Murdock argues that he was fired for reporting poor management, fraud, theft and discrimination. Am. Compl. ¶ 185.

MWA claims are constrained by a two-year statute of limitations. See Minn. Stat. § 541.07(1); Larson v. New Richland Care Ctr., 538 N.W.2d 915, 920 (Minn. Ct. App. 1995), abrogated on other grounds by Gordon v. Microsoft Corp., 645 N.W.2d 393 (Minn. 2002). At the latest, Murdock's whistleblower claim accrued when he was terminated on February 7, 2010. Under Minnesota Rule of Civil Procedure 3.01, an action is commenced upon service.[4] Murdock did not serve LA Fitness until, at the earliest, April 24,

---

[3] Murdock also argues that LA Fitness gave more desirable personal training clients to younger trainers. Even if true, "[m]inor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action." Clegg v. Ark. Dep't of Corr., 496 F.3d 922, 926 (citation and internal quotation marks omitted). Therefore, the assignment of particular customers to particular trainers, without more, cannot form the basis of an age discrimination claim.

[4] "[S]tate commencement rules apply because they are part and parcel to the statute of limitations." Larsen v. Mayo Med. Ctr., 218 F.3d 863, 866 (8th Cir. 2000) (citation and internal quotation marks omitted).

2012, more than two years after the accrual of his claim. See ECF No. 3. Therefore, the MWA claim is time-barred, and dismissal is warranted.

**IV. Fraud**

Murdock next argues common law fraud[5] and a violation of the Minnesota Consumer Fraud Act (MCFA). Murdock bases these claims on general allegations of insurance fraud, deceptive membership practices, unsanitary facilities and LA Fitness's improper use of the "Spinning" trademark.

Fraud claims must be pleaded with particularity. This particularity requirement applies to common law fraud and MCFA claims. See E-Shops Corp. v. U.S. Bank Nat. Ass'n, 678 F.3d 659, 663 (8th Cir. 2012) (MCFA); Ritchie Capital Mgmt., L.L.C. v. Jeffries, 653 F.3d 755, 764 (8th Cir. 2011) (common law fraud). To meet the particularity requirement, the complaint "must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp., 690 F.3d 951, 955 (8th Cir. 2012) (citation omitted). "[T]he particularity required by Rule

---

[5] At Count VI of the amended complaint, Murdock alleges "fraud fed." The court construes this as an allegation of common law fraud. See Smith v. Hundley, 190 F.3d 852, 855 n.7 (8th Cir. 1999) (explaining that pro se pleadings are liberally construed).

9(b) is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." U.S. ex rel. Costner v. United States, 317 F.3d 883, 888 (8th Cir. 2003) (citation omitted). As such, "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted).

Murdock has not pleaded his fraud claims with particularity. Murdock fails to identify who perpetrated the alleged fraud, what was obtained as a result, relevant dates and factual details that would aid LA Fitness in defending against these claims. Such conclusory allegations fail under Rule 9(b). Therefore, dismissal of the fraud claims is warranted.

**V.  Invasion of Privacy**

Murdock next argues that LA Fitness invaded his privacy in violation of 42 U.S.C. § 1983. In support, Murdock explains that he has been followed and recognized in public places, that LA Fitness contacted prospective employers and that LA Fitness posted on Facebook about his termination.[6]

---

[6] Murdock alleges that Robert Andy Smith, an LA Fitness manager, responded to customer inquiries on LA Fitness's Facebook page regarding Murdock's absence from LA Fitness. Murdock alleges that Smith's post reads: "For those commenting and speculating about our group fitness coordinator/trainer who isn't there anymore - first, shame on you for gossiping about a man's career, and the decisions of his supervisors on an open forum. Second, my understanding as one peripherally aware of the decision, it had
(continued...)

To establish a claim under § 1983, a plaintiff must show (1) a deprivation of a right secured by the Constitution or laws of the United States and (2) that the deprivation was committed "under color of" state law. Lind v. Midland Funding, L.L.C., 688 F.3d 402, 405 (8th Cir. 2012)(citation omitted). To show that a private defendant is acting under color of state law, a plaintiff must show that the defendant's actions are "fairly attributable" to the state. Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). Murdock's complaint is devoid of any allegations that LA Fitness acted under color of state law, other than a conclusory assertion that "law enforcement officers may be involved in the invasion of privacy." Am. Compl. ¶ 191. Murdock does not allege any facts indicating that LA Fitness conspired with, or had a joint enterprise with, a state actor. As a result, LA Fitness can not be interpreted as acting under color of state law, and Murdock's § 1983 claim fails.

Given Murdock's pro se status, the court also considers his invasion of privacy claim under Minnesota common law. "Minnesota recognizes the tort of invasion of privacy on three alternative theories: intrusion of seclusion, appropriation of a name or likeness of another, and publication of private facts." Yath v.

---

(...continued)
nothing to do with his abilities as an instructor. That wasn't the extent of his job though, and some serious HR/Administrative issues arose surrounding his other responsibilities and parting was the decision. That is all that needs to be said." Am. Compl. ¶ 152.

Fairview Clinics, N.P., 767 N.W.2d 34, 42 (Minn. Ct. App. 2009)(citation omitted). Murdock makes no allegations of appropriation, and only intrusion of seclusion and publication of private facts could apply here.

The allegations within Murdock's complaint are insufficient to state a claim for either intrusion upon seclusion or publication of private facts. Both theories require the invasion to be highly offensive to a reasonable person. See Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998).[7] In invasion of privacy claims, "there is a preliminary determination of offensiveness which must be made by the court in discerning the existence of a cause of action." Bauer v. Ford Motor Credit Co., 149 F. Supp. 2d 1106, 1109 (D. Minn. 2001) (citation and internal quotation marks omitted). "[T]he question of what kinds of conduct will be regarded as a highly offensive intrusion is largely a matter of social conventions and expectations." Id. at 1110 (citation and internal quotation marks omitted).

No reasonable person could find that these alleged invasions of Murdock's privacy meet this "highly offensive" threshold. The

---

[7] Intrusion upon seclusion "occurs when one intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another ... if the intrusion would be highly offensive to a reasonable person. Lake, 582 N.W.2d at 233 (citation and internal quotation marks omitted). Publication of private facts occurs when the facts are publicized in a way that "(a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." Id. (citation and internal quotation marks omitted).

few cases that have found actionable invasions of privacy are based on much more egregious facts than those present here. See, e.g., Swarthout v. Mut. Serv. Life Ins. Co., 632 N.W.2d 741, 745 (Minn. Ct. App. 2001) (finding invasion when defendant altered medical release form to obtain plaintiff's medical information); see also Groeneweg v. Interstate Enters., Inc., No. A04-1290, 2005 WL 894768, at *5-*6 (Minn. Ct. App. Apr. 19, 2005) (cataloging invasion of privacy claims and concluding that termination in presence of fellow employees was not actionable). Therefore, Murdock's claim for common law invasion of privacy fails, and dismissal is warranted.

**VI. Intentional Infliction of Emotional Distress**

Murdock next argues that LA Fitness intentionally caused him emotional distress. Specifically, Murdock bases his claim on LA Fitness employees "humiliating, bullying, making racially offensive statements ... [and] posting demeaning comments on its Facebook [page]." Am. Compl. ¶ 193.

To establish intentional infliction of emotional distress (IIED) under Minnesota law, "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 438-39 (Minn. 1983) (citation omitted). Conduct is considered extreme or outrageous only when it is "so atrocious that it passes the

boundaries of decency and is utterly intolerable to the civilized community." Id. at 439 (citation and internal quotation marks omitted). Murdock alleges, among other things, that he was not permitted to wear a traditional American Indian necklace, was singled out for having long hair and was told by a co-worker to "cut that Last of the Mohicans hair." Am. Compl. ¶¶ 56-57, 78, 97. While these alleged comments are insensitive, they do not amount to extreme or outrageous conduct under Minnesota law. "[F]alling short of established standards of professionalism and courtesy is a far cry from engaging in conduct that is so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." Glass v. IDS Fin. Servs., 778 F. Supp. 1029, 1074 (D. Minn. 1991). Further, "a work environment in which co-workers or supervisors criticize, taunt, or harass another employee, does not present the egregious conduct required for an IIED claim." Oniyah v. St. Cloud State Univ., 655 F. Supp. 2d 948, 971 (D. Minn. 2009) (citations omitted). Therefore, LA Fitness's conduct was not extreme or outrageous, and dismissal of Murdock's claim for IIED is warranted.[8]

---

[8] Moreover, the court notes that even if Murdock alleged extreme and outrageous conduct, he failed to allege that his emotional distress was sufficiently severe. Murdock alleges that he suffers from "[d]epression, chronic fatigue, irritability, sleep abnormalities, insomnia, tiredness throughout the day, malaise[,] a significantly grim outlook for his future, and a feeling he will never regain the prominence in his career, or his personal life." Am. Compl. ¶ 193. This "garden variety" emotional distress does
(continued...)

11

## VII. Tortious Interference

Murdock next argues that LA Fitness tortiously interfered with his relationship with Fitness Crossroads, a prospective employer.

Murdock alleges that a current or former LA Fitness member suggested that Fitness Crossroads not hire him. Am. Compl. ¶ 196. "Vicarious liability may be imposed when a master-servant or principal-agent relationship exists between the tortfeasor and a third party." Urban ex rel. Urban v. Am. Legion Post 184, 695 N.W.2d 153, 160 (Minn. Ct. App. 2005) (citation omitted). Here, the alleged tortfeasor was neither an employee nor an agent of LA Fitness. As such, this allegation fails to state a claim for tortious interference against LA Fitness.

Murdock also argues that LA Fitness interfered by providing a negative employment reference to Fitness Crossroads. During his interview with Fitness Crossroads, Murdock was informed that three of his former employers had furnished negative employment references. Am. Compl. ¶ 196. To state a claim for tortious interference with a prospective business relationship, Murdock must show that LA Fitness intentionally and improperly induced a third party not to enter into a business relationship. See United Wild

---

(...continued)
not rise to the level required to establish severe distress under Minnesota law. See Elstrom v. Indep. Sch. Dist. No. 270, 533 N.W.2d 51, 57 (Minn. Ct. App. 1995) (finding insomnia, crying spells, depression and fear of answering door and telephone insufficient to establish severe distress prong of IIED).

Rice, Inc. v. Nelson, 313 N.W.2d 628, 633 (Minn. 1981) (citation omitted). There is nothing improper, however, with providing employment references. See Hunt v. Univ. of Minn., 465 N.W.2d 88, 96 (Minn. Ct. App. 1991) ("Kegler's subjectively honest assessment of Hunt's job performance was an employment reference made for a proper purpose."). Indeed, "the public interest is best served by encouraging accurate assessments of an employee's performance," including employment references. Id. As a result, LA Fitness did not improperly interfere with Murdock's prospective employment. Therefore, dismissal of this claim is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that LA Fitness's motion to dismiss certain claims [ECF No. 11] is granted.

Dated:  October 29, 2012

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court