```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 12-975(DSD/SER)
```

Elias A. Murdock,

       Plaintiff,

v.                                                    **ORDER**

L.A. Fitness International,
LLC, (a.d.b.a. Pro Results)
(formerly dba Body of Change),
and Bally Total Fitness, All
Individual Defendants herein,

       Defendants.

    Elias A. Murdock, 700 West Maryland Avenue, St. Paul, MN 55117, pro se.

    Melissa Raphan, Esq., Jennifer L. Cornell, Esq. and Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon cross-motions for summary judgment. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion by defendant L.A. Fitness International, LLC (L.A. Fitness).

**BACKGROUND**

This employment dispute arises out of the 2010 termination of pro se plaintiff Elias A. Murdock by L.A. Fitness. In January 2008, Murdock, an American Indian male, began working for L.A. Fitness as a part-time Group Fitness Instructor. Am. Compl. ¶¶ 8, 20. Murdock was promoted in December 2009 to Activities Director.

Lee Decl. ¶ 2. Murdock also served as a part-time personal trainer. Murdock Dep. 62:23-25; Stokesberry Decl. ¶ 6.

Murdock alleges that coworkers made disparaging remarks regarding his ethnicity. In June 2009, General Sales Manager David Madison told Murdock to "cut [his] Last of the Mohicans hair." Murdock Dep. 203:9-10. Later that month, Madison introduced Murdock to a hair stylist and said: "Here you go. Eli, cut your hair." Id. at 205:20-24. Murdock reported these comments to Regional Group Fitness Coordinator Erin Bitney. Id. at 206:18-25.

Murdock further alleges that in September 2009, training supervisor Alex Birch told Murdock that "white skin is so much more beautiful than dark skin." Id. at 170:18-20. In November 2009, Birch also allegedly told Murdock that a long, black hair was sticking out of his shirt. Id. at 173:18-174:7. Murdock reported Birch's comments to Personal Training Manager Daniel Knowles. Id. at 174:14-17. Thereafter, Murdock sent a letter to Knowles, outlining Birch's comments. Id. at 142:14-18; see Knowles Decl. Ex. A. Knowles investigated and asked Birch to have no future contact with Murdock. Knowles Decl. ¶ 4.

On January 25, 2010, fitness instructor Kara Hirdman de Bonilla reported that Murdock made an inappropriate sexual remark after she finished teaching a class. Hirdman de Bonilla Decl. ¶ 3. Hirdman de Bonilla reported the remark to Madison and Operations

2

Manager Jon Viana. Id. ¶ 4. In response, Viana scheduled a meeting with Murdock and Hirdman de Bonilla, but Murdock refused to discuss the incident or sign a statement acknowledging that the meeting occurred. Id. ¶¶ 4-5; Murdock Dep. 123:10-125:2.

After the meeting, Hirdman de Bonilla reported Murdock's behavior to Human Resources Director Mindy Stokesberry. Hirdman de Bonilla Decl. ¶ 6. Stokesberry initiated an investigation and contacted Murdock on January 27, 2010. Stokesberry Decl. ¶¶ 12-14. During the conversation, Murdock referred to a complaint that he had sent to Human Resources on the previous day. Murdock Dep. 138:12-20. Stokesberry was not aware of the report,[1] and asked Murdock to send her a copy of the complaint. Stokesberry Decl. ¶ 15. Murdock scanned a copy of the letter to Stokesberry later that day. Murdock Dep. 138:18-139:6. Stokesberry assigned Employee Relations Manager Russ Moy to investigate Murdock's complaint. Moy Decl. ¶ 2.

Shortly thereafter, Murdock visited a clothing store where Hirdman de Bonilla gave yoga demonstrations and asked the store employees questions about Hirdman de Bonilla. Stokesberry Decl. ¶ 17; Hirdman de Bonilla Decl. ¶ 7; Madison Decl. ¶ 5. When Stokesberry confronted Murdock with this allegation, Murdock said

---

[1] Murdock alleges that he first scanned the letter and sent it to Human Resources on January 26, 2010. Murdock Dep. 137:18-25. It is unclear whether any L.A. Fitness employee was aware of the letter prior to the conversation between Murdock and Stokesberry on January 27, 2010.

he would "plead the Fifth." Stokesberry Decl. ¶ 18. In response, Stokesberry stripped Murdock of his supervisory position. Id. On February 4, Stokesberry attempted to call Murdock three times to discuss his behavior. Id. ¶ 20. During one phone call, Murdock hung up on Stokesberry. Id. ¶ 21. Murdock called in sick to work the next day. Id. ¶ 22. At that point, Stokesberry notified Murdock by letter and email that he was terminated. Id.

On July 6, 2012, Murdock filed a nine-count amended complaint, alleging various state and federal claims.[2] On October 29, 2012, the court dismissed six of the nine claims, leaving allegations of race discrimination, sex discrimination and retaliation. See ECF No. 22. Murdock moved for summary judgment on the remaining claims on November 15, 2012. L.A. Fitness moved for summary judgment on October 19, 2012.

## DISCUSSION

**I.   Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

---

[2] In the amended complaint, Murdock lists Madison, Birch, Knowles, Robert Andy Smith, Ed Hustad, Corey Hines, Dan Arneson, Lee, Stokesberry, Hirdman de Bonilla and John and Jane Does as individual defendants. None of these parties have been served. Moreover, the court notes that there is no individual liability under Title VII or the Minnesota Human Rights Act. See Mehl v. PortaCo., Inc., 859 F. Supp. 2d 1026, 1034 (D. Minn. 2012). As a result, Murdock cannot state a claim against these defendants.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. Race Discrimination**

Murdock argues that L.A. Fitness maintained a racially-hostile work environment, in violation of Title VII and the Minnesota Human Rights Act (MHRA). Specifically, Murdock bases his claim on

(1) Madison telling Murdock to cut his "Last of the Mohicans" hair, (2) Madison bringing a hairstylist to the club and joking that Murdock needed a haircut, (3) the comment by Birch that a long black hair was sticking out of Murdock's shirt and (4) Birch's comment that "white skin is so much more beautiful than dark skin."

Claims under Title VII and the MHRA are analyzed using the same standard. See Clearwater v. Indep. Sch. Dist. No. 166, 231 F.3d 1122, 1124 n.2 (8th Cir. 2000). To prevail on a claim of hostile work environment, a plaintiff must prove "(1) the plaintiff belongs to a protected group; (2) the plaintiff was subject to unwelcome harassment; (3) a causal nexus exists between the harassment and the plaintiff's protected group status; and (4) the harassment affected a term, condition, or privilege of employment." EEOC v. CRST Van Expedited, Inc., 679 F.3d 657, 683 (8th Cir. 2012) (citations and internal quotation marks omitted). For harassment to affect a term, condition or privilege of employment, it must be "subjectively offensive to the employee and objectively offensive such that a reasonable person would find it hostile or abusive." Turner v. Gonzales, 421 F.3d 688, 695 (8th Cir. 2005) (citation omitted). "A hostile work environment exists when the workplace is dominated by racial slurs, but not when the offensive conduct consists of offhand comments and isolated incidents." Bainbridge v. Loffredo Gardens, Inc., 378 F.3d 756, 759 (8th Cir. 2004) (citation omitted).

Murdock alleges four racially-tinged incidents during his employment with L.A. Fitness. As a matter of law, these isolated incidents do not present an actionable hostile work environment claim. See id. (finding insufficient one racially-insensitive remark per month for two years); see also Malone v. Ameren UE, 646 F.3d 512, 517 (8th Cir. 2011) (finding four incidents over two years insufficient to establish claim). Therefore, summary judgment for L.A. Fitness as to the race discrimination claim is warranted.

**III.  Sex Discrimination**

Murdock next argues that L.A. Fitness discriminated against him based on his sex. Specifically, Murdock bases his claim on (1) receiving more scrutiny from reviewing managers than his female coworkers, (2) a female co-worker appearing in a promotional video and (3) not receiving discounts at Lucy, a women's active wear store. L.A. Fitness argues that Murdock cannot establish a prima facie case of sex discrimination.

In the absence of direct evidence, Murdock may establish a prima facie case of sex discrimination by showing that he "(1) is within the protected class, (2) was qualified to perform his job, (3) suffered an adverse employment action, and (4) has facts that give rise to an inference of sex discrimination." McGinnis v.

7

Union Pac. R.R., 496 F.3d 868, 874 (8th Cir. 2007) (citation omitted). L.A. Fitness argues that no adverse employment action occurred.[3]

"An adverse employment action is a tangible change in conditions that produces a material employment disadvantage." Clegg v. Ark. Dep't of Corr., 496 F.3d 922, 926 (8th Cir. 2007) (citations and internal quotation marks omitted). Poor performance evaluations, such as the ones Murdock alleges were based on his sex, do not constitute an adverse employment action. See id. at 927 ("[A]n unfavorable evaluation is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment." (citation and internal quotation marks omitted)). Further, not being selected for a promotional video or receiving a discount at an unaffiliated clothing store are, at most, "[a]nnoyance[s] or petty slight[s]" and "do[] not constitute actionable harm." Fercello v. Cnty. of Ramsey, 612 F.3d 1069, 1078-79 (8th Cir. 2010) (citations omitted). Therefore, Murdock has introduced no evidence of an adverse employment action, and summary judgment for L.A. Fitness on the sex discrimination claim is warranted.

---

[3] Murdock undoubtedly suffered an adverse employment action when he was terminated. Murdock does not allege – and there is no evidence suggesting – that he was terminated because of his sex.

**IV. Retaliation**

Murdock next argues that L.A. Fitness retaliated against him for the November 2009 and February 2010 complaints. Specifically, Murdock argues that (1) his personal training workload was reduced from thirty to ten clients per week and (2) he was terminated shortly after the February 2010 complaint.

In the absence of direct evidence, retaliation claims are analyzed under the McDonnell Douglas burden-shifting framework. Kratzer v. Rockwell Collins, Inc., 398 F.3d 1040, 1048 (8th Cir. 2007). To demonstrate retaliation, a plaintiff must first establish a prima facie case. Id. If he does, the employer may then rebut by proffering a legitimate, nondiscriminatory reason for the employment action. Id. The plaintiff may then show that the proffered reason is a pretext for retaliation. Id.

L.A. Fitness argues that Murdock cannot establish a prima facie case of retaliation. To do so, Murdock "must show: (1) [he] engaged in protected conduct; (2) [he] suffered materially adverse employment action, action that would deter a reasonable employee from making a charge of employment discrimination or harassment; and (3) the materially adverse action was causally linked to the protected conduct." Fercello, 612 F.3d at 1077-78 (citation omitted).

9

### A.   Reduced Workload

L.A. Fitness argues that Murdock cannot demonstrate that he suffered a materially-adverse employment action based on his claim of a reduced workload.  Other than a bald assertion that Birch canceled his personal training appointments, Murdock has adduced no evidence of a diminished workload.  Moreover, Murdock testified that personal training clients were responsible for booking and canceling personal training appointments.  Murdock Dep. 89:1-11. As a result, any diminished workload is attributable to individual clients, not to L.A. Fitness.  In sum, Murdock has introduced no evidence from which a reasonable jury could find a prima facie case of retaliation based on his allegedly-diminished workload.

### B.   Termination

Murdock presents no evidence that would permit a reasonable jury to find a link between his termination and either the November 2009 or February 2010 complaint.  Over two months elapsed between the November 2009 complaint and Murdock's termination.  This timing, without more, cannot establish a causal link between the report and termination.  See Kipp v. Mo. Highway & Transp. Comm'n, 280 F.3d 893, 897 (8th Cir. 2002) ("[T]he interval of two months between the complaint and ... termination so dilutes any inference of causation that we ... hold as a matter of law that the temporal connection could not justify a finding in [plaintiff's] favor on the matter of causal link.").  Moreover, when Murdock lodged the

10

February 2010 complaint, he was already being investigated for misconduct. As a result, the temporal proximity between the report and termination, without more, cannot establish a prima facie case of retaliation. See Smith v. Allen Health Sys., Inc., 302 F.3d 827, 834 (8th Cir. 2002) ("Evidence that the employer had been concerned about a problem before the employee engaged in the protected activity undercuts the significance of the temporal proximity." (citation omitted)). Therefore, summary judgment as to the retaliation claim is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for summary judgment [ECF No. 26] is denied;

2.   Defendant's motion for summary judgment [ECF No. 28] is granted; and

3.   Defendant's motion to amend its amended answer [ECF No. 49] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   June 4, 2013

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court